UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GAYNELLE H. IHMS and            )
FORTEZZA ENTERPRISES, INC.,     )
    Plaintiffs,                 )
v.                              )            No. 3:15-CV-1078-K (BF)
DEUTSCHE BANK NATIONAL TRUST    )
COMPANY,                        )
    Defendant.                  )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are Motion for Summary Judgment [ECF No. 8] filed by Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R7 ("Defendant"), and Motion for Summary Judgment [ECF No. 11] filed by Gaynelle H. Ihms ("Ihms") and Fortezza Enterprises, Inc. (collectively, "Plaintiffs"). For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Summary Judgment [ECF No. 8] be **GRANTED**, and Plaintiffs' Motion for Summary Judgment [ECF No. 11] be **DENIED**.

## BACKGROUND

On June 21, 2005, Ihms executed a Texas Home Equity Adjustable Rate Note (the "Note") in the amount of $188,000.00 payable to Ameriquest Mortgage Company. *See* Note [ECF No. 10-2 at 1]. Ihms also executed a Texas Home Equity Security Instrument ("Deed of Trust") which granted a security interest in real property located at: 6255 W. Northwest Hwy., #317, Dallas, Texas 75225 (the "Property"). *See* Deed of Trust [ECF No. 10-3 at 1-3]. The Note and Deed of Trust (collectively, the "Loan") were transferred to Defendant under the Pooling and Servicing Agreement dated August

1, 2005. *See* Corp. Assignment of Deed of Trust [ECF No. 10-4 at 1]. The Loan was assigned to Defendant, and Defendant is the owner, holder, and mortgagee of the Loan. *See* Assignment [ECF No. 10-5 at 1].

Defendant served Ihms a Notice of Default and Intent to Accelerate on August 17, 2010, and a Notice of Acceleration on November 1, 2010, because she fell behind on her mortgage payments after June of 2010. *See* Def.'s Br. [ECF No. 9 at 7]. Defendant then filed its first Application for Order for Foreclosure pursuant to Rule 736 of the Texas Rules of Civil Procedure on May 2, 2011, because Ihms failed to cure her default. *See* Appl. [ECF No. 10-8 at 1]; Def.'s Br. [ECF No. 9 at 8]. Ihms subsequently filed a lawsuit in the 162nd Judicial District Court of Dallas County, Texas on June 22, 2011, which was dismissed for want of prosecution on November 28, 2011. *See* Order of Dismissal [ECF No. 10-11 at 2]; Original Pet. [ECF No. 10-10 at 1].

On March 29, 2012, Defendant filed its second Application for Expedited Order Allowing Foreclosure. *See* Appl. [ECF No. 10-12 at 1]. The second Application was granted on June 28, 2012. *See* Order [ECF No. 10-13 at 3]. On July 16, 2012, Ihms was sent a Notice of Acceleration and Notice of Posting and Foreclosure which set an August 7, 2012 foreclosure sale date. *See* Notice [ECF No. 10-14 at 3]. Plaintiff then filed a second lawsuit in the 101st Judicial District Court on August 6, 2012, which was dismissed on October 25, 2013. *See* Original Pet. [ECF No. 10-15 at 1]; Final Summ. J. [ECF No. 10-16 at 1]. While Ihms continued to default on the Loan by failing to make any further payments, Defendant contends that it abandoned its acceleration of the debt as evidenced by its monthly billing statements that requested less than the total accelerated amount. *See* Def.'s Br. [ECF No. 9 at 9]; Statements [ECF No. 10-18 at 1-10]; Notices [ECF No. 10-19 at 1-18]. Defendant states that, from November 29, 2013 through May 19, 2014, it sent Plaintiff billing

statements seeking payment of amounts less than the total accelerated debt. *See* Def.'s Br. [ECF No. 9 at 9-10]; Statements [ECF No. 10-18 at 1-10]; Notices [ECF No. 10-19 at 1-18]. On December 4, 2014, Defendant sent Ihms a Notice of Foreclosure Sale with a proposed foreclosure sale date of January 6, 2015. *See* Notice [ECF No. 10-20 at 1]; Def.'s Br. [ECF No. 9 at 10].

On January 5, 2015, Plaintiffs filed a third lawsuit in state court. *See* Original Pet. [ECF No. 1-3 at 1]. In the third lawsuit, Plaintiffs request a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code stating that the Deed of Trust is null and void, because the foreclosure cause of action accrued on November 1, 2010, and more than four years have passed at the time of Defendant's December 4, 2014 foreclosure notice. *See id.* [ECF No. 1-3 at 3]; Pls.' Br. [ECF No. 12 at 5]. Defendant removed the action to this Court on April 8, 2015. *See* Notice of Removal [ECF No. 1]. In its brief in support of its Motion for Summary Judgment, Defendant argues that, while Plaintiffs' claim rests wholly upon an allegation that the statute of limitations expired four years after the November 1, 2010 Notice of Acceleration, the acceleration of the debt was abandoned by Defendant's subsequent billing statements that requested less than the full accelerated amount. *See* Def.'s Br. [ECF No. 9 at 10]. In the alternative, Defendant argues that Plaintiffs' two prior lawsuits prevented Defendant from proceeding with the foreclosure for 604 days, and therefore, even if the Court finds that Defendant did not abandon the acceleration, the four years period should be equitably tolled, so that Defendant's attempted foreclosure sale on January 6, 2015 is placed within the statute of limitations. *See id.* [ECF No. 9 at 10-11].

In Plaintiffs' Brief in Support of Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment, Plaintiffs point out that all of the statements Defendant sent Ihms seeking less than the full accelerated amount included the following statements: "[o]ur

3

records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only." *See* Pls.' Br. [ECF No. 12 at 4]; Statements [ECF No. 10-18 at 1, 3, 5, 7, 9]. Therefore, Plaintiffs argue that Defendant never abandoned the acceleration. *See* Pls.' Br. [ECF No. 12 at 4]. In addition, Plaintiffs argue that Defendant's right to foreclose was never precluded by Plaintiffs' lawsuits, but that judicial foreclosure was actually made easier, because Defendant only had to respond with a counterclaim for judicial foreclosure in any of Plaintiffs' previous lawsuits. *See id.* [ECF No. 12 at 4]. Plaintiffs further argue that, if the billing statements sent as recently as in 2014 abandoned the November 1, 2010 acceleration, no subsequent acceleration took place to justify Defendant's December 4, 2014 Notice of Foreclosure. *See id.* [ECF No. 12 at 5].

In Defendant's Brief in Support of Response to Plaintiffs' Motion for Summary Judgment and Reply in Support of Defendant's Motion for Summary Judgment, Defendant argues that the Fifth Circuit has deemed billing statements identical to the statements Defendant mailed to Ihms to be conclusive evidence of abandonment. *See* Reply Br. [ECF No. 16 at 2]. In addition, Defendant argues that it re-accelerated the debt after abandonment by seeking payment of the full, accelerated amount of the debt. *See id.* [ECF No. 16 at 2]; Aff. [ECF No. 17-1 at 3]; Mortg. Account Statements [ECF No. 17-1 at 5-19]. Furthermore, Defendant argues that Plaintiffs' arguments regarding the tolling of the statute of limitations are not dispositive, because Plaintiffs rely on cases that are distinguishable from the facts at hand and are not binding on this Court. *See* Reply Br. [ECF No. 16 at 2].

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking

summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

Plaintiffs seek a declaratory judgment stating that Defendant's right to foreclose on the Property is barred by the statute of limitations set forth in the Texas Civil Practice and Remedies Code, because more than four years have passed from the time Defendant accelerated Plaintiffs' Loan on November 1, 2010. *See* Original Pet. [ECF No. 1-3 at 3]. Defendant moves for summary judgment on two grounds, but the undersigned will only consider Defendant's first argument, which states that, because the undisputed facts show that Defendant abandoned its November 1, 2010 acceleration, the foreclosure cause of action is not time-barred. *See* Def.'s Br. [ECF No. 9 at 11-15]; *Cline v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-1565-D, 2015 WL 4041791, at *4 (N.D. Tex. July 2, 2015) ("Plaintiffs seek a declaratory judgment that Deutsche Bank's right to foreclose on the Property is barred by the four-year statute of limitations . . . because more than four years have elapsed since Deutsche Bank accelerated plaintiffs' loan on January 26, 2009. Deutsche Bank moves

5

for summary judgment on two grounds, but the court need only consider the contention that because the undisputed facts show that it abandoned the January 2009 acceleration, its foreclosure cause of action did not accrue from that date and is not time-barred." (citing TEX. CIV. PRAC. & REM. CODE § 16.035)).

Texas Civil Practice and Remedies Code, Section 16.035 provides that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035. "When this four-year period expires, 'the real property lien and a power of sale to enforce the real property lien become void.'" *Cline*, 2015 WL 4041791, at *5 (citing TEX. CIV. PRAC. & REM. CODE § 16.035; quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App. 2012, no pet.); quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). "'If the noteholder has the option to accelerate, then the date of accrual is the date that the holder exercises the option.'" *Id.* (quoting *Khan*, 371 S.W.3d at 353; citing *Wolf*, 44 S.W.3d at 566). "'While accrual is a legal question, whether a holder has accelerated a note is a fact question.'" *Id.* (quoting *Holy Cross*, 44 S.W.3d at 568).

"Abandoning acceleration before the limitations period expires restores the contract to its original condition, including the note's original maturity date." *Id.* (citing *Khan*, 371 S.W.3d at 353; *Holy Cross*, 44 S.W.3d at 567; *Clawson v. GMAC Mortg., L.L.C.*, No. 3:12-CV-212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013)). "[I]f a noteholder abandons acceleration, it no longer must foreclose within four years from the date of acceleration." *Id.* "Texas courts and courts in this circuit have held that 'the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions.'" *Id.* (quoting *Khan*, 371 S.W.3d at 356). "[A] noteholder may []

6

abandon acceleration by . . . providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters." *Id.* (citing *Boren v. U.S. Nat'l Bank Ass'n*, Civ. Action No. H-13-2160, 2014 WL 6892553, at *3 (S.D. Tex. Sept. 18, 2014); *Leonard v. Ocwen Loan Servicing, L.L.C.*, Civ. Action No. H-13-3019, 2014 WL 4161769, at *5 (S.D. Tex. Aug.19, 2014)). Furthermore, "[j]oint action of the parties is not required to abandon the acceleration. Rather, a party may abandon the acceleration unilaterally." *Id.* (citing *Clawson*, 2013 WL 1948128, at *4).

Here, Defendant submits evidence showing that it abandoned its November 1, 2010 acceleration by subsequently sending billing statements that sought less than the full accelerated amount. *See* Def.'s Br. [ECF No. 9 at 9]; Statements [ECF No. 10-18 at 1-10]; Notices [ECF No. 10-19 at 1-18]. With respect to Plaintiffs' argument that Defendant never abandoned the acceleration, because the statements Defendant sent included the following statements: "[o]ur records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only[,]" Defendant points out that "the billing statements deemed by the Fifth Circuit to be conclusive evidence of abandonment were identical to the statements mailed by [Defendant] in the case at hand." *See* Pls.' Br. [ECF No. 12 at 4]; Reply Br. [ECF No. 16 at 2]; Statements [ECF No. 10-18 at 1, 3, 5, 7, 9]; *Leonard v. Ocwen Loan Servicing, L.L.C.*, No. 14-20611, 2015 WL 3561333, at *3 (5th Cir. June 9, 2015); *Leonard v. Ocwen Loan Servicing, L.L.C.*, Civ. Action No. H-13-3019, 2014 WL 4161769, at *5 (S.D. Tex. Aug. 19, 2014). In addition, with respect to Plaintiffs' argument that Defendant never re-accelerated the debt to justify the December 4, 2014 Notice of Foreclosure, Defendant points to its statements dated July 17, 2014 through November 17, 2014 seeking payment of the full, accelerated amount of the debt. *See* Pls.' Br. [ECF No. 12 at 5];

Reply Br. [ECF No. 16 at 2]; Aff. [ECF No. 17-1 at 3]; Mortg. Account Statements [ECF No. 17-1 at 5-19].

In consideration of the foregoing, Defendant's Motion for Summary Judgment should be granted. *See Cline*, 2015 WL 4041791, at *7 ("Deutsche Bank, through its servicer, sent multiple communications to plaintiffs clearly demanding less than the full amount of the loan. . . . The court concludes that Deutsche Bank has demonstrated beyond peradventure that it properly abandoned the January 26, 2009 acceleration through its actions, and, therefore, that the four-year limitations period under § 16.035(a) did not accrue on January 26, 2009. Accordingly, Deutsche Bank's motion for summary judgment is granted, and plaintiffs' declaratory judgment claim is dismissed with prejudice."). In addition, Plaintiffs' Motion for Summary Judgment seeking summary judgment for its declaratory judgment claim asserting that the Deed of Trust is null and void, because the limitations period expired, should be denied for the same reasons. *See* Original Pet. [ECF No. 1-3 at 3]; Pls.' Br. [ECF No. 12 at 1].

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion for Summary Judgment [ECF No. 8], and **DENY** Plaintiffs' Motion for Summary Judgment [ECF No. 11].[1]

---

1. Defendant states that it has filed its Supplement to Its Motion for Summary Judgment "out of an abundance of caution. . . . in the circumstance that the Court treats the Motion to Intervene as a pleading." *See* Suppl. [ECF No. 28 at 1 n.1]. As Defendant points out, Intervenor Summit Residential Services, L.L.C. "has not filed a pleading setting out its claims-it has only filed a Motion to intervene. . . . Federal Rule of [Civil] Procedure 24(c) requires that a pleading accompany a motion to intervene[] [that sets out the claim or defense for which intervention is sought.]" *See id.* [ECF No. 28 at 1 n.1] (citing *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910-11 (5th Cir. 1993)); FED. R. CIV. P. 24(c).The undersigned does not construe the Motion to Intervene as a pleading. *See Albany Ins. Co.*, 5 F.3d at 911 ("Appellees' argument raises the question of whether a motion to dismiss is a 'pleading' under Rule 15(a). . . . We . . . hold that a motion to dismiss is not a 'pleading' . . . .").

**SO RECOMMENDED**, this 9th day of August, 2016.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).